**STATE of Maine**

**v.**

**Frank TAPLIN.**

Supreme Judicial Court of Maine.

Argued March 15, 1985.

Decided April 2, 1985.

John R. Atwood, Dist. Atty., (orally), Wiscasset, for plaintiff.

Joseph L. Steinberger (orally), Rockland, R. James Davidson, Waldoboro, for defendant.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The defendant, Frank Taplin, appeals from his convictions for three counts of 17–A M.R.S.A. § 253(1)(B) (1983) (gross sexual misconduct) and two counts of 17–A M.R.S.A. § 255(1)(C) (1983) (unlawful sexual contact) following a jury-waived trial in Superior Court (Lincoln County). The defendant challenges the sufficiency of the evidence to convict him and argues that the indictments charging him were defective because (1) the State failed to allege the requisite mental states for gross sexual misconduct and unlawful sexual contact; and (2) the State failed to state with sufficient particularity the conduct proscribed by the statutes with which the defendant was charged. We find no error and deny the appeal.

▮ First, upon reviewing the evidence in a light most favorable to the State, we conclude from the testimony given at trial that the fact finder could rationally have found the essential elements of the crimes beyond a reasonable doubt. *State v. Doody*, 434 A.2d 523, 527 (Me.1981).

▮ Second, we find no merit to the defendant's claim that the indictments failed to allege the requisite culpable state of mind. Section 255 provides that an individual is guilty of unlawful sexual contact if he "*intentionally* subjects another person, not his spouse, to any sexual contact, ...." (emphasis supplied). Because the indictment charges that the defendant "did intentionally subject" the prosecutrix to sexual contact, the indictment charges the appropriate mental state with respect to the charges of unlawful sexual contact. The remaining charges of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B), require no proof of mental culpability. *State v. Keaten*, 390 A.2d 1043, 1046 (Me.1978).

▮ Finally, defendant argues that the indictments are deficient because they fail to particularize the facts surrounding the prohibited "sexual acts" and "sexual contacts." Because this argument does not address a jurisdictional defect, and because the defendant has not previously raised the argument, he has waived it. *See State v. Crocker*, 435 A.2d 58, 68 (Me.1981). However, even if the defendant has raised this objection in a timely manner, his claim would be without merit. *See State v. Hebert*, 448 A.2d 322, 326–327 (Me.1982).

The entry must be:

Judgments of conviction affirmed.

All concurring.