## STATE of Maine

v.

## David L. POULIN.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1988.

Decided March 4, 1988.

David W. Crook (orally), Dist. Atty., Augusta, for plaintiff.

John D. Pelletier (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant David L. Poulin appeals from a conviction of gross sexual misconduct (17–A M.R.S.A. § 253(1)(A) (Supp.1987)) following a jury trial in the Superior Court (Kennebec County). As a result of a single incident of sexual intercourse between defendant and complainant, defendant was tried and convicted of both rape (17–A M.R.S.A. § 252(1)(B) (Supp.1987)) and gross sexual misconduct. On appeal, defendant contends that the conviction of gross sexual misconduct should be vacated as violative of the prohibition against double jeopardy and requests resentencing on the single conviction of rape. We agree and vacate the judgment of conviction of gross sexual misconduct.

The Maine Constitution provides that "[n]o person, for the same offense, shall be twice put in jeopardy of life or limb." Me. Const. art. I, § 8.[1] It is well established, however, that "the same facts may constitute a violation of several criminal statutes, and that each offense may be punished separately." *Newell v. State*, 371 A.2d 118, 119 (Me.1977). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)).

Applying the *Newell* test, we find that the particular variants of rape and gross sexual misconduct charged in this case, are the same offense for purposes of

1. The Constitution of the United States similarly provides in pertinent part that "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

double jeopardy.[2] "A person is guilty of rape if he engages in sexual intercourse ... [w]ith any person and the person submits as a result of compulsion ...." 17–A M.R.S.A. § 252(1)(B) (Supp.1987). "Sexual intercourse" is defined in 17–A M.R.S.A. § 251(1)(B) (1983) as "any penetration of the female sex organ by the male sex organ." "A person is guilty of gross sexual misconduct ... [i]f he engages in a sexual act with another person and ... [t]he other person submits as a result of compulsion ...." 17–A M.R.S.A. § 253(1)(A) (Supp.1987). "Sexual act" is defined in 17–A M.R.S.A. § 251(1)(C)(1) (Supp.1987) as "[a]ny act between 2 persons involving ... direct physical contact between the genitals of one and the genitals of the other."

In the present case, there was no testimony of separate incidents of sexual activity. The evidence supporting both charges consisted solely of the complainant's assertion that "[h]e put his penis in my vagina." Accordingly, the charge of gross sexual misconduct did not involve the proof of any fact beyond the facts required for the charge of rape. Both charges require proof of compulsion. Although rape requires proof of the additional element of penetration, the genital-to-genital touching involved in the proof of the sexual act is a necessary part of the penetration. Therefore, the proof of gross sexual misconduct involved no facts other than those necessary to prove rape. In this particular case, rape and gross sexual misconduct constitute the same offense for purposes of double jeopardy. We therefore vacate the judgment of conviction of gross sexual misconduct. Because the sentences for both convictions are so interrelated, we vacate the sentence on the rape conviction and remand to the Superior Court for resentencing. *See State v. Bunker*, 436 A.2d 413, 419 (Me.1981).

The entry is:

Judgment of conviction of gross sexual misconduct vacated.

**2.** Both rape and gross sexual misconduct may be committed on alternative grounds. When a statute specifies two independent types of an offense, each type is viewed separately. *State v.*

Sentence on conviction of rape vacated and remanded to Superior Court for resentencing.

All concurring.

*Carmichael*, 405 A.2d 732, 735 (Me.1979). Our finding is limited to the grounds applicable to the facts of this case.