**STATE of Maine**

v.

**John THORNTON.**

Supreme Judicial Court of Maine.

Argued Jan. 11, 1988.
Decided April 27, 1988.

---

David W. Crook, Dist. Atty., Alan P. Kelley (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Ronald W. Bourget (orally), Bourget & Bourget, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

The defendant, John Thornton, appeals from the judgment of the Superior Court, Kennebec County, entered on the jury's verdict finding him guilty of rape, 17–A

M.R.S.A. § 252(1)(A) (1983 & Supp.1987), gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (1983 & Supp.1987), and three counts of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (1983 & Supp.1987). On appeal, Thornton contends that the trial court erroneously limited his access to documentary and testimonial evidence from a witness who invoked the attorney-client privilege, that the indictment was flawed, and that his convictions for both rape and gross sexual misconduct were unlawful. We affirm the convictions for unlawful sexual contact, but because we agree with Thornton that the State failed to prove that his convictions for both rape and gross sexual misconduct were based on more than a single act, we vacate the conviction for gross sexual misconduct, affirm the conviction for rape and remand for resentencing.

Thornton was indicted on two counts of rape, two counts of gross sexual misconduct and three counts of unlawful sexual contact. Each count alleged as the victim the same minor girl. Prior to the jury trial, one count of rape and one count of gross sexual misconduct were dismissed. The jury returned a verdict of guilty on each of the five remaining counts. Thornton appealed following the denial of his motion for a new trial.

### I.

■ We find no merit in Thornton's claim that he was prejudiced by a pretrial ruling that Eric Dick, an attorney, need not produce for Thornton's use [1] notes pertaining to Dick's consultation with Patricia Thornton, then Thornton's wife. At trial the court overruled the claim of attorney-client privilege [2] and Thornton was allowed to examine Attorney Dick without regard to the previously recognized privilege. After the ruling at trial, Thornton did not renew his request made before trial to command production of documents by Dick.

### II.

Counts one, four and five of the indictment charged Thornton with "intentionally or *knowingly* subjecting the victim to unlawful sexual contact" (emphasis added). Thornton contends that the inclusion of knowing as one of the required states of mind resulted in prejudice to him and that the indictment failed to adequately specify the criminal behavior constituting unlawful sexual contact.

■ Under 17–A M.R.S.A. § 255 [3] a person can commit unlawful sexual contact only if he *intentionally* subjects another person to any sexual contact. Thornton made no challenge to the indictment prior to trial. *See* M.R.Crim.P. 12(b)(2). [4] For the indictment to have been returned alleging that Thornton acted "intentionally or knowingly," the grand jury necessarily found probable cause that the crime was committed with an intentional state of mind. The "knowing" language was surplusage, since it could have been omitted without rendering the indictment's charge of unlawful sexual contact insufficient in any way. *See State v. Thibodeau,* 353

---

1. Thornton had made a motion to command the production of Attorney Dick's notes. *See* M.R. Crim.P. 17(c).

2. *See* M.R.Evid. 502 setting out the attorney-client privilege.

3. 17–A M.R.S.A. § 255(1)(C) provides:
   1. A person is guilty of unlawful sexual contact if he *intentionally subjects another person to any sexual contact, and:* ...
   C. The other person, not his spouse, has not in fact attained his 14th birthday and the actor is at least 3 years older.

4. M.R.Crim.P. 12(b)(2) provides, in pertinent part, as follows:

Defenses and objections based on defects in the ... indictment ... other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion *before trial.* The motion shall include all such defenses and objections available to the defendant. *Failure to present any such defense or objection as herein provided constitutes a waiver thereof,* but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment ... to charge an offense shall be noticed and acted upon by the court at any time during pendency of the proceeding.
(Emphasis added.)

A.2d 595, 602 (Me.1976).[5] Since all the essential elements of the crime were charged and the defect in the indictment was not jurisdictional, the indictment was not void, and Thornton's failure to object prior to trial resulted in his waiver of any insufficiency in the indictment. *State v. Michaud,* 473 A.2d 399 (Me.1984); M.R. Crim.P. 12(b)(2). Moreover, Thornton has not demonstrated any prejudice resulting from the surplus language in the indictment. He acknowledged that the jury was properly instructed that they could convict him on the unlawful sexual contact counts only if they found him to have intentionally subjected the victim to unlawful sexual contacts, and the jury returned its verdicts on a verdict form that so specified.

■ Neither was Thornton prejudiced by the use in the indictment of the words "unlawful sexual contact," as opposed to descriptions of the acts constituting that offense. An indictment for a statutory crime such as unlawful sexual contact is sufficient when it charges in the words of the statute. *See State v. Hebert,* 448 A.2d 322, 326–27 (Me.1982); *see also State v. Taplin,* 489 A.2d 1107, 1108 (Me.1985); *State v. King,* 371 A.2d 640, 642 (Me.1977).

### III.

Thornton was convicted of both rape [6] and gross sexual misconduct.[7] Thornton contends on this appeal, as he did at the hearing on his motion for a new trial when he requested that his gross sexual misconduct conviction be set aside, that the rape and gross sexual misconduct charges arose from a single act or transaction and that he cannot be convicted of both offenses.

In *State v. Poulin,* 538 A.2d 278 (Me. 1988), we made clear that the double jeopardy provisions of the United States and Maine Constitutions [8] prohibit conviction of more than one separate criminal offense arising out of the same act or transaction when the facts proved to support the conviction of one offense are the same facts supporting the conviction of the other. *Poulin,* 538 A.2d at 278–79.

■ The same acts may constitute a violation of several criminal statutes and each offense may be punished separately when each offense requires proof of a fact that the other does not. *Newell v. State,* 371 A.2d 118, 119 (Me.1977). Rape and gross sexual misconduct are separate offenses and may be committed in different ways. *See State v. Bunker,* 436 A.2d 413 (Me.1981); 17–A M.R.S.A. §§ 252, 253. Unlike the determination of whether one criminal violation is a lesser included offense to a separate criminal violation,[9] the particular variant of the offenses specifically charged and the facts adduced to prove those specific charges must be looked to in determining whether conviction of two or more separate offenses arising out of a single transaction results in double jeopardy. *Poulin,* 538 A.2d at 278–79.

■ In this prosecution, as was the case in *Poulin,* the defendant was charged and convicted of rape and gross sexual misconduct.[10] In *Poulin* the victim's de-

---

5. Near the end of the trial the court granted the State's motion to delete the word knowingly from the unlawful sexual contact counts.

6. 17–A M.R.S.A. § 252(1)(A) provides as follows:
   1. A person is guilty of rape if he engages in sexual intercourse:
   A. With any person, not his spouse, who has not in fact attained his 14th birthday.

7. 17–A M.R.S.A. § 253(1)(B) provides as follows:
   A person is guilty of gross sexual misconduct
   1. If he engages in a sexual act with another person and: ...
   B. The other person, not his spouse, has not in fact attained his 14th birthday.

8. U.S. Const. amend. V provides in pertinent part: "nor shall any person be subject for the same offence to be twice put in jeopardy of life and limb."

Me. Const. art. I, § 8 provides in pertinent part: "No person, for the same offense, shall be twice put in jeopardy of life or limb."

9. 17–A M.R.S.A. § 13–A(2) (1983) provides that in order for one offense to be a lesser included offense of another, separate offense, the lesser included offense, *as legally defined,* must necessarily be committed when the greater offense, *as legally defined,* is committed. Gross sexual misconduct is not a lesser included offense of rape.

10. In *Poulin,* the allegations were that the victim submitted as a result of compulsion. 17–A M.R. S.A. §§ 252(1)(B) & 253(1)(A) (Supp.1987).

scription of the defendant's actions was limited to a single answer, "he put his penis in my vagina." Here, in answers to several different, disjointed questions, the victim made different statements but described a single sexual incident that the jury could rationally conclude involved penetration. It was the State's burden to present evidence on which the jury could conclude beyond a reasonable doubt that there was a genital to genital contact other than as a part of the act of penetration required to establish the crime of rape. That burden was not met. Because the "gross sexual misconduct did not involve the proof of any fact beyond the facts required for the charge of rape," *Poulin*, 538 A.2d at 279, Thornton's double jeopardy rights have been violated by his conviction of both offenses. Although the court properly submitted both charges to the jury,[11] the conviction on gross sexual misconduct must be vacated.

Because of their necessary interrelation, we must vacate all of the sentences in the case and remand to the Superior Court for resentencing on the rape and unlawful sexual contact convictions. *See Poulin*, 538 A.2d at 279.

The entry is:

Judgment of conviction of gross sexual misconduct is vacated.

Judgment of conviction on other charges affirmed.

Sentences on conviction of rape and unlawful sexual contact are vacated, and remanded to Superior Court for resentencing.

All concurring.

Here, the victim was under 14 years old. 17–A M.R.S.A. §§ 252(1)(A) & 253(1)(B).

**11.** If the jury had been unconvinced of Thornton's guilt on the charge of rape because of

failure to prove penetration beyond a reasonable doubt, the conviction of gross sexual misconduct could be affirmed.