### STATE of Maine

#### v.

### Thomas BELANGER.

Supreme Judicial Court of Maine.

Argued Sept. 14, 1988.
Decided Dec. 28, 1988.

Mary Tousignant, Dist. Atty., Anne Jordan (orally), Deputy Dist. Atty., Alfred, for plaintiff.

**28** ■ 

Michael J. O'Toole (orally), Smith & O'Toole, Biddeford, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

PER CURIAM.

Defendant Thomas Belanger appeals the denial by the Superior Court (York County; *Brody, C.J.*) of his motion to dismiss the indictment charging him with armed robbery, 17–A M.R.S.A. § 651 (1983), to which on March 25, 1988, he entered a conditional plea of guilty under the provisions of M.R. Crim.P. 11(a)(2).

In 1986, Belanger entered pleas of guilty to armed robbery, 17–A M.R.S.A. § 651 (Class A); theft, 17–A M.R.S.A. § 353 (1983) (Class E); and receiving stolen property, 17–A M.R.S.A. § 359 (1983) (Class E). The robbery and theft charges arose out of the same incident—the taking of money and food stamps from a Wells X-tra Mart store. Belanger was sentenced to five years on the robbery charge, with all but two years suspended, and six months on each of the charges of theft and receiving stolen property. All the sentences were to be served concurrently.

On the same day as the sentencing, Belanger filed an appeal of the robbery conviction, alleging a fatal defect in the robbery count of the indictment. Later, the State confessed error as to the robbery indictment, and after an order vacating the robbery conviction was entered by the Law Court, the robbery charge was dismissed without prejudice by the Superior Court. Belanger was ordered to be released after serving the six-month sentence imposed on the other charges.

In May of 1987, Belanger was re-indicted for armed robbery arising out of the same Wells X-tra Mart store incident. His motion to dismiss the indictment based on double jeopardy grounds was denied and he appealed from that denial after entering his conditional plea under M.R.Crim.P. 11(a)(2).

 We conclude that for the purposes of Art. I, § 8 of the Maine Constitution, providing that "[n]o person, for the same offense, shall be twice put in jeopardy of life and limb," and Amendment V to the United States Constitution, the robbery charge here is not separate and distinct from the charge of theft for which Belanger stands convicted.[1] *See State v. Thornton,* 540 A.2d 773, 776–77 (Me.1988); *State v. Poulin,* 538 A.2d 278, 279 (Me.1988). We are, however, evenly divided as to whether the timing of Belanger's double jeopardy objection precludes the State from prosecuting him for robbery. Therefore, the order of the Superior Court denying Belanger's motion to dismiss the indictment is affirmed by an evenly divided court.

The entry is:

Judgment affirmed by an evenly divided court.

All concurring.

---

1. Belanger's right to be free from double jeopardy is not implicated solely because he was indicted for a previously dismissed charge. *See State v. Bessey,* 328 A.2d 807, 811 (Me.1974).