**STATE of Maine**

v.

**Paul HARNUM.**

Supreme Judicial Court of Maine.

Argued May 10, 1990.
Decided June 1, 1990.

Mary Tousignant, Dist. Atty., Anne H. Jordan (orally) Asst. Dist. Atty., Alfred, for the State.

Robert A. Levine (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Defendant Paul Harnum appeals from the judgment of the Superior Court (York County, *Fritzsche, J.*) entered on jury verdicts finding him guilty of rape, 17–A M.R. S.A. § 252 (Supp.1988), and unlawful sexual contact, *id.* § 255. On appeal defendant contends that the indictment was legally insufficient to charge him with the crime of unlawful sexual contact, that the court had no authority under the Rules of Criminal Procedure to amend the indictment on the State's motion over defendant's objection, and that the court committed reversible error in admitting into evidence statements that defendant had made to the police. We find no merit in any of these contentions.

■ Contrary to defendant's contention, the words "or knowingly" after "intentionally" in the indictment's unlawful sexual contact count did not indicate that the grand jury might have found probable cause that defendant acted knowingly but not intentionally, the former being a lesser mens rea than is required for the crime of unlawful sexual contact. *See* 17–A M.R. S.A. § 255(1) (Supp.1988). Those words were mere surplusage and as such did not render the indictment fatally defective. *See State v. Thornton*, 540 A.2d 773, 775 (Me.1988) ("the 'knowing' language was surplusage, since it could have been omitted without rendering the indictment's

charge of unlawful sexual contact insufficient in any way").

■ Further, although M.R.Crim.P. 7(d) authorizes the court to strike such surplusage only on the motion of the defendant, M.R.Crim.P. 7(e) broadly authorizes the court to amend an indictment regardless of the defendant's objection "if the amendment does not change the substance of the offense." In the case at bar, striking the words "or knowingly" in no way changed the substance of the charge, nor did it prejudice defendant in any way.

■ Defendant's final contention, that his statements to the police cannot be characterized as admissions because he intended them to be exculpatory, reflects a misunderstanding of the breadth of the term "admissions." In *State v. Conlogue*, 474 A.2d 167, 171 (Me.1984), we held that "[a]ny statement by a defendant in a criminal case which, in conjunction with proof of other facts and circumstances, tends to prove guilt is an admission." Defendant's statements placed him near the scene of the crime at the time it occurred and therefore fall within the hearsay exception of M.R. Evid. 801(d)(2). As such, they were properly admitted.

The entry is:

Judgment affirmed.

All concurring.