**STATE of Maine**

v.

**Craig DAVIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 6, 1990.

Decided Sept. 27, 1990.

William R. Anderson, Dist. Atty., Ellsworth, for State.

Joseph H. Field, Loyd, Bumgardner & Field, Brunswick, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Craig Davis appeals an order entered by the Superior Court (Hancock County, *Chandler, J.*) denying his post-trial motion to dismiss two counts of an indictment

charging him with attempted murder.[1] Davis argues that because he was convicted of aggravated assault charges at the first trial, a retrial on the attempted murder charges arising from the same acts would violate his rights under the double jeopardy clauses of the Maine and United States Constitutions. We affirm the denial of Davis' motion.

On February 13, 1989, Davis shot and injured two Rockland police officers. He was indicted for possession of a firearm by a convicted felon 15 M.R.S.A. § 393 (1980 & Supp.1989–1990), two counts of aggravated assault 17–A M.R.S.A. §§ 208(1)(B) and 1252(5) (1983), and two counts of attempted murder 17–A M.R.S.A. §§ 201(1)(A) and 152 (1983). After change of venue for trial, a Hancock County jury on November 3, 1989, found Davis guilty on the firearm possession charge and both counts of aggravated assault. The jury was deadlocked on the attempted murder charges and the trial court declared a mistrial with respect to those charges.

■ The double jeopardy clauses of the United States[2] and Maine[3] Constitutions prohibit conviction of more than one separate criminal offense arising out of the same act when the facts proved to support the conviction of one offense are the same facts supporting the conviction of the other. *State v. Poulin*, 538 A.2d 278, 279 (Me.1988). The Maine courts apply the same test applied by the United States Supreme Court to determine whether two

offenses are the same for double jeopardy purposes: the same act can be punished under two different statutory provisions as long as a conviction under each provision requires proof of a factual element that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1931); *State v. Thornton*, 540 A.2d 773, 776 (Me.1988); *Newell v. State*, 371 A.2d 118, 119 (Me.1977). This test may be satisfied notwithstanding a substantial overlap in the proof offered to establish the crimes. *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975).

■ A defendant may be convicted of both aggravated assault and attempted murder because there is at least one element not common to both. The critical element of aggravated assault is bodily injury caused by the defendant's behavior.[4] The defendant's mental state can be intentional, knowing or reckless. By contrast, the elements of attempted murder consist of an intent to cause the death of another human being, accompanied by the intentional taking of a substantial step toward the commission of that crime.[5] The offenses differ in two important respects. First, aggravated assault requires proof of bodily injury and attempted murder does not. Secondly, and more importantly, the mental element is different: attempted murder requires proof of a specific intent to cause death and aggravated assault has no such element. Simultaneous prosecu-

---

1. An order denying a motion to dismiss on double jeopardy grounds is immediately appealable as an exception to the final judgment rule. *State v. Flick*, 495 A.2d 339, 341 (Me.1985); *State v. Hanson*, 483 A.2d 723, 724 (Me.1984); *see, also, Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977).

2. The fifth amendment to the federal Constitution, made applicable to the states by the fourteenth amendment, *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

3. Article I section 8 of the Maine Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or limb." M.E. Const. art I, § 8 (1985).

4. 17–A M.R.S.A. § 208(1)(B) provides: "(1) A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes: ... (B) [b]odily injury to another with use of a dangerous weapon."

5. 17–A M.R.S.A. § 201(1)(A) provides: "(1) A person is guilty of murder if: (A) [h]e intentionally or knowingly causes the death of another human being."

17–A M.R.S.A. § 152 provides: "(1) A person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime he engages in conduct which, in fact, constitutes a substantial step toward its commission."

tion and punishment for both crimes is not barred by the double jeopardy clauses of the Maine or United States Constitutions.

The entry is:

Order denying motion to dismiss affirmed.

All concurring.