**STATE of Maine**

v.

**Steven M. RICCI.**

Supreme Judicial Court of Maine.

Argued June 19, 1992.

Decided Aug. 5, 1992.

William R. Anderson, Dist. Atty., Geoffrey Rushlau, Asst. Dist. Atty., Bath, for plaintiff.

Edward S. MacColl (orally), Thompson, McNaboe, Ashley & Bull, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Steven M. Ricci appeals from his conviction of attempted gross sexual assault, 17–A M.R.S.A. §§ 152, 253 (1983 & Supp.1991), entered in the Superior Court (Sagadahoc County, *Chandler, J.*) after a jury trial. On appeal Ricci argues that the conviction must be set aside because the prosecution

is barred by the double jeopardy clause of the fifth amendment. We agree and vacate the conviction.

## I.

Ricci has a medical history of cerebral palsy and mental illness. In August 1990 at about 4:00 a.m., Ricci walked into a convenience store while nude and sexually aroused, dragged the store clerk to the ground, pulled down her shirt, and bit her on the right breast. The defendant was arrested at the scene and subsequently arraigned in the District Court where a trial date was set for one count of assault (Class D) and one count of public indecency (Class E). The day before the trial the State filed a complaint charging Ricci with a third count arising out of the same August 16 conduct: attempted gross sexual assault (Class B). Because the District Court does not have jurisdiction to try a Class B prosecution, see 17–A M.R.S.A. § 9(3) (1983); State v. MacArthur, 458 A.2d 417 (Me. 1983), the court (O'Rourke, J.) urged the State to dismiss the pending assault and public indecency counts and consolidate the three counts in one Superior Court indictment. Despite the court's urging, the State refused to dismiss the Class D and E charges.

The next day Ricci changed his pleas entered on the assault and public indecency counts from not guilty to guilty. The District Court imposed sentences on the Class D and E charges in December 1990. In the meantime, the State obtained a grand jury indictment on the Class B offense. The Superior Court (Bradford, J.) denied the defendant's motion to dismiss the indictment on double jeopardy grounds, and, after a jury trial, Ricci was convicted of the Class B offense. This appeal followed.

## II.

Ricci argues on appeal, as he did in the Superior Court, that his conviction for attempted gross sexual assault, in light of his prior convictions for assault and public indecency entered in the District Court, violates the fifth amendment's double jeopardy clause, which states that "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The double jeopardy clause affords an accused three protections, the second of which is implicated in this case: i) protection, after acquittal, from a second prosecution for the same offense, ii) protection, after conviction, from a second prosecution for the same offense, and iii) protection from multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); see also State v. Chaplin, 286 A.2d 325, 334 (Me.1972). Once a defendant "puts double jeopardy in issue with a non-frivolous showing that an indictment charges him with an offense for which he was formerly placed in jeopardy, the burden shifts to the government to establish that there were in fact two separate offenses." Grady v. Corbin, 495 U.S. 508, 522 n. 14, 110 S.Ct. 2084, 2094 n. 14, 109 L.Ed.2d 548 (1990) (citation omitted). The essential question in our analysis, then, is whether the State has met its burden of demonstrating that attempted gross sexual assault is a separate offense, for double jeopardy purposes, from the assault for which Ricci was previously convicted.[1] See Illinois v. Vitale, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980).

In Grady the Supreme Court recently explained that a different double jeopardy analysis applies to the two protections involving multiple prosecutions than applies to the third protection involving multiple punishments. Cf. State v. Walsh, 558 A.2d 1184, 1186 (Me.1989) (double jeopardy clause provides separate protections for the harms inflicted by multiple convictions than for those inflicted by cumulative punishments). Prior to Grady, a double jeopardy analysis was governed by the test set out in Blockburger v. United States, 284 U.S.

1. A conviction based on a guilty plea is as conclusive as one based on a jury verdict for purposes of double jeopardy. See State v. Harriman, 259 A.2d 752, 754 (Me.1969). Grady itself involved a conviction based on a guilty plea rather than a trial verdict. Grady v. Corbin, 495 U.S. 508, 512, 110 S.Ct. 2084, 2088, 109 L.Ed.2d 548 (1990).

299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See, e.g., State v. Davis,* 580 A.2d 163, 164 (Me. 1990). Under that test, the same act could be punished pursuant to two statutory provisions only if a conviction under each provision required proof of a factual element that the other did not. *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182. The Superior Court found, and we agree, that the instant prosecutions satisfy the *Blockburger* test.

In *Grady,* however, the Court explained that the *Blockburger* test applied particularly "in the context of multiple punishments imposed in a single prosecution." *Grady,* 495 U.S. at 516–17, 110 S.Ct. at 2090–91 (citation omitted). As such, it was simply a rule of statutory construction that did no more than "prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id. See also Ohio v. Johnson,* 467 U.S. 493, 499 & n. 8, 104 S.Ct. 2536, 2541 & n. 8, 81 L.Ed.2d 425 (1984) (*Blockburger*'s double jeopardy limitation on multiple punishments is essentially a question of legislative intent). Thus, even if a subsequent prosecution meets the *Blockburger* test, a double jeopardy violation will arise if the prosecution requires "relitigation of factual issues already resolved by the first." *Grady,* 495 U.S. at 519, 110 S.Ct. at 2092 (quoting *Brown v. Ohio,* 432 U.S. 161, 166 n. 6, 97 S.Ct. 2221, 2225–26 n. 6, 53 L.Ed.2d 187 (1977)). The critical inquiry is what *conduct* the State will prove, not what *evidence* the State will use to prove that conduct: "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove *conduct* that constitutes an offense for which the defendant has already been prosecuted." *Id.* 495 U.S. at 521, 110 S.Ct. at 2093 (footnotes omitted) (emphasis added). A subsequent prosecution would not be barred, however, if the State could demonstrate that it "would not rely on proving the conduct for which [the defendant] had already been convicted." *Id.* at 523, 110 S.Ct. at 2094. *Cf. State v. Thornton,* 540 A.2d 773, 776 (Me.1988) ("particular variant of the offenses specifically charged and the facts adduced to

prove those specific charges must be looked to in determining whether conviction of two or more separate offenses arising out of a single transaction results in double jeopardy").

The State attempts to distinguish *Grady* on two bases, both of which are unpersuasive. First, the State argues that, because the Class B complaint was filed before the defendant entered his guilty pleas on the other charges, the two prosecutions were not "successive prosecutions" but concurrent and not controlled by *Grady.* We reject this mechanical approach to *Grady*'s double jeopardy analysis as unsupported by both case law and the language in *Grady.* In *In re Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), relied on by *Grady,* 495 U.S. at 519, 110 S.Ct. at 2092, the double jeopardy clause barred a "successive prosecution" for adultery arising from the same conduct that supported a prior conviction for cohabitation despite the fact that the indictments on the two crimes were returned on the same day. *Nielsen,* 131 U.S. at 177, 9 S.Ct. at 673; *cf. Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (plurality opinion) (treating two indictments returned on the same day as "successive" or "multiple" prosecution). Moreover, the *Grady* Court used the phrases "subsequent prosecution" and "multiple prosecution" interchangeably, *Grady,* 495 U.S. at 519–20, 110 S.Ct. at 2092–93, intending merely to distinguish the appropriate double jeopardy analysis in the context of multiple prosecutions from the analysis applicable to a multiple punishment situation.

Second, the State argues that *United States v. Felix,* — U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992), renders *Grady* inapplicable to the case at bar. We find the State's proposed reading of *Felix* to be inapposite. In *Felix,* the Court held that the double jeopardy clause does not bar a prosecution for conspiracy subsequent to a prosecution for the underlying overt act committed in furtherance of the conspiracy, effectively limiting *Grady*'s scope to crimes committed in a "single course of conduct." *Id.* — U.S. at ——, 112 S.Ct. at

1378. Contrary to the State's contention, the Court's refusal to apply *Grady* in the context of a prosecution for conspiracy or for a continuing criminal enterprise does not preclude its application to other criminal settings. *Id.* — U.S. at —, 112 S.Ct. at 1378. This case, of course, involves crimes arising from a single course of conduct and thus *Grady* still controls.

To prove an attempt, the State must prove that the defendant took a substantial step toward the commission of the underlying crime, in this case gross sexual assault. *See* 17–A M.R.S.A. § 152. The defendant argues that the State could not demonstrate the requisite "substantial step" without necessarily proving the "conduct for which [he] had already been convicted," i.e., the assault to which the defendant had pleaded guilty. We agree.

The indictment charging the defendant with attempted gross sexual assault states that he attempted to engage in a sexual act with the victim "by grabbing her and injuring her." Evidence at trial demonstrating that conduct revealed that the defendant pulled the victim to the ground, got on her, and bit her. This is precisely the same conduct for which the defendant had already been convicted of assault on his plea of guilty in the District Court. Because the conduct described in the indictment is the same for which the defendant had previously been convicted, the double jeopardy clause as interpreted in *Grady* precludes the State from proving that conduct again.

The entry is:

Judgment vacated.

Remanded to the Superior Court with direction to dismiss the indictment.

All concurring.