**STATE of Maine,**

v.

**Peter FAIRFIELD.**

Supreme Judicial Court of Maine.

Argued April 28, 1994.

Decided July 21, 1994.

Geoffrey Rushlau, Dist. Atty., E. Eric Laurentz (orally), Asst. Dist. Atty., Wiscasset, for State.

Joel F. Bowie (orally), Howard & Bowie, Damariscotta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Peter Fairfield appeals from a judgment entered in the Superior Court (Lincoln County, *Bradford, J.*) on his conditional plea of guilty to gross sexual assault. 17–A M.R.S.A. § 253 (Supp.1993). On appeal, Fairfield contends that the trial court erred in denying his motion to dismiss because the instant prosecution amounts to double jeopardy in light of his previous conviction for assault. 17–A M.R.S.A. § 207 (1983 & Supp. 1993). Both prosecutions stemmed from allegations that Fairfield sexually abused his six-year-old son. Because Fairfield can demonstrate no violation of his double jeopardy rights, we affirm the judgment.

The record reflects that in January of 1992, Detective Seth Blodgett of the Lincoln County Sheriff's Department began a criminal investigation after receiving a report from the Department of Human Services (DHS) that Fairfield had sexually abused his six-year-old son on two occasions at their home in Wiscasset. Blodgett, who is specially trained in the investigation of child sexual abuse, interviewed the child in February of 1992. According to Blodgett, the youngster stated that his father had touched him in the "privates," pointing to his buttocks and his genitals. The child stated that this had occurred on three separate occasions, but refused to discuss the incident further and, according to Blodgett's written report, "didn't give ... any indication that his father had exposed his penis to him." Blodgett subsequently interviewed Fairfield. After stating that he understood his right to refuse to answer any questions from the investigator, Fairfield told Blodgett that he had touched his son's penis with his hand on three occasions. According to Blodgett, Fairfield appeared to be remorseful and cooperative.

The matter was then referred to Assistant District Attorney David Spencer, who advised Fairfield that the State was considering a charge of unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1993) (Class C), but would charge Fairfield only with assault, a Class D crime, in exchange for a plea of guilty. According to Spencer, there was never any discussion during these negotiations of charging Fairfield with gross sexual assault. Fairfield agreed to the State's proposal and on April 7, 1992 entered his guilty plea to the assault charge in the District Court (Wiscasset, *Field, J.*) and received a suspended six-month jail sentence with one year of probation.

In February of 1993, Blodgett learned that the victim had recently stated to his mother that there had been oral-genital contact between the victim and his father. As a result, Blodgett conducted another interview with Fairfield. According to Blodgett, during this interview Fairfield "admitted ... that he had

performed oral sex on his son and his son had done the same [to him]." Blodgett asked Fairfield why he had not disclosed this fact during their earlier interview, and, according to Blodgett, Fairfield stated that he had been "too afraid to, too scared to." The grand jury returned an indictment charging gross sexual assault, and the Superior Court (*Perkins, J.*) subsequently denied Fairfield's motion to dismiss on the ground of double jeopardy. Fairfield then entered a conditional plea of guilty, *see* M.R.Crim.P. 11(a)(2), and this appeal followed.

■ The double jeopardy clause of the Fifth Amendment to the United States Constitution protects a defendant who has been convicted of a crime from a second prosecution for the same offense and from multiple punishments for the same offense. *State v. Ricci,* 611 A.2d 572, 573 (Me.1992). When, as here, a defendant puts double jeopardy in issue with a nonfrivolous showing that an indictment charges him with an offense for which he was formerly placed in jeopardy, the burden shifts to the State to establish the existence of two separate offenses. *Ricci,* 611 A.2d at 573. For double jeopardy purposes, a previous conviction based on a guilty plea is as conclusive as one entered following a trial. *Id.* at 573 n. 1.

■ When double jeopardy is at issue, the State may prosecute a defendant pursuant to more than one statutory provision only if a conviction pursuant to each provision requires proof of a factual element that the other did not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (multiple punishments); *Brown v. Ohio,* 432 U.S. 161, 168–69, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977) (applying the so-called *Blockburger* test to successive prosecutions). The instant prosecution meets the *Blockburger* test. Section 207 provides that a person is guilty of assault "if he intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another." 17–A M.R.S.A. § 207(1) (1983). A person is

guilty of gross sexual assault "if that person engages in a sexual act with another person and … [t]he other person, not the actor's spouse, has not in fact attained the age of 14 years." 17–A M.R.S.A. § 253(1)(B) (Supp. 1993). In relevant part, the Criminal Code defines "sexual act" as "[a]ny act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other." 17–A M.R.S.A. § 251(1)(C)(1) (Supp.1993). Thus, Fairfield's conviction for assault required proof of bodily injury or offensive physical contact, elements that are not included in the crime of gross sexual assault. And, Fairfield's conviction for gross sexual assault required proof that a sexual act had taken place with a person who was under 14, elements not required to prove assault.[1] It is clear that assault and gross sexual assault are separate and distinct crimes, pursuant to which a defendant may be separately punished or prosecuted without implicating double jeopardy.

■ Fairfield contends, however, that pursuant to a second level of double jeopardy scrutiny that we applied in *Ricci,* the State has failed to demonstrate that the subsequent prosecution does not require " 'relitigation of factual issues already resolved by the first.' " *Ricci,* 611 A.2d at 574 (quoting *Grady v. Corbin,* 495 U.S. 508, 519, 110 S.Ct. 2084, 2092, 109 L.Ed.2d 548 (1990)). We disagree.

We first note that, subsequent to our decision in *Ricci,* the U.S. Supreme Court overruled its *Grady* decision. *United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993). The Supreme Court declared that the additional *Grady* test, involving the determination of whether a· subsequent prosecution involves the same conduct as that proven in the previous prosecution, "lacks constitutional roots." *Id.* —— U.S. at ——, ——, 113 S.Ct. at 2856, 2860. In so ruling, the Court made clear that it was

---

1. While a "sexual act" as defined in Section 251 is also a touching, it is not "offensive physical contact" as that term is defined in the assault statute. The legislature has made clear that in setting forth the elements of gross sexual assault, formerly known as gross sexual misconduct, it was criminalizing certain behavior "regardless of the consensual or imposition circumstances under which the [sexual] act takes place." 17–A M.R.S.A. § 253 comment (1975).

returning to the *Blockburger* test as the appropriate gauge of a defendant's right, pursuant to the U.S. Constitution, to be free from double jeopardy in both the punishment and the prosecution of criminal activity. *See id.* —— U.S. at ——, 113 S.Ct. at 2860 (describing the *Blockburger* test, in contrast to *Grady*, as having "deep historical roots").

The instant case does not present the same problem as *Dixon*, in which the defendant's prosecution on cocaine possession charges, subsequent to his conviction for criminal contempt stemming from the same possession of illegal drugs, *id.* —— U.S. at ——, 113 S.Ct. at 2853, "undoubtedly" violated the same-conduct test articulated in *Grady. Id.* —— U.S. at —— – ——, 113 S.Ct. at 2859–60. Here, although the State has not shown that the conduct between Fairfield and his son occurred during separate *incidents,* the *conduct* itself constituting the two charges is separate and distinct. The oral-genital act alleged in Fairfield's gross sexual assault prosecution is different from the manual touching that was the basis of the previous assault conviction.[2] Separate prosecutions for crimes arising out of a single course of conduct do not necessarily involve double jeopardy. Fairfield's contention that the full story, as it emerged from the victim after his father had been convicted of assault, revealed only that the conduct at issue had involved a "higher degree" of sexual touching is not persuasive. The victim's subsequent statements to the investigator revealed that different and more serious conduct had taken place.

Nor can the State be faulted for its investigation of the sexual contact between Fair-field and his son. The State faced the difficult task of seeking to elicit the full truth from a young and vulnerable victim. In so doing, the State carefully avoided the temptation to prompt the victim or otherwise suggest to him the possibility that certain other conduct had occurred. Fairfield's prosecution for gross sexual assault was not inconsistent with the protections afforded him by the U.S. Constitution.[3]

The entry is:

Judgment affirmed.

All concurring.

---

**2.** This case is factually very different from the facts in *State v. Ricci,* 611 A.2d 572 (Me.1992). In that case, the defendant had been previously convicted in the District Court of assault in connection with an incident in which he entered a convenience store and forced the store clerk to the ground, pulled down her shirt, and bit her. *Ricci,* 611 A.2d at 572. The Superior Court subsequently convicted Ricci of attempted gross sexual assault. *Id.* We vacated the conviction, noting that attempted gross sexual assault requires a "substantial step" toward the commission of a gross sexual assault, which the indictment alleged had consisted of "grabbing [the victim] and injuring her." *Id.* at 575. We noted that this was "precisely the same conduct for

which the defendant had already been convicted of assault." *Id.*

**3.** Apart from protection from double jeopardy, a defendant also enjoys a limited statutory protection from being subjected to separate trials "for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses were known to the appropriate prosecuting officer at the time of the commencement of the first trial and were within the jurisdiction of the same court and within the same venue." 17-A M.R.S.A. § 14 (1983). *Fairfield does not* contend that his prosecution for gross sexual assault runs afoul of this provision.