Daniel Lilley - def
stephanie Anderson - state

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, ss.
CLERK'S OFFICE

May
2009 APR 31   A 8: 29

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO: CR-07-1495
RAC - CUM - 5/1/2009

STATE OF MAINE

v.

RICHARD SAMUEL BRICHETTO,
        Defendant.

ORDER ON
MOTION TO DISMISS

Defendant Richard Brichetto (Defendant) moves to dismiss this action pursuant to M.R. Crim. P. 12(b)(2).

## BACKGROUND

In July 2004, the State initiated an investigation into suspected illegal gambling activities at the Fraternal Order of Eagles, Casco Aerie 565 (Eagles Club). Defendant is an officer and/or trustee of the Eagles Club. The Eagles Club was indicted and subsequently pled guilty on August 21, 2006, through its president, Martin Piaticelli, to three counts of Aggravated Unlawful Gambling in violation of 17-A M.R.S.A. § 953(1)(C). (Docket No. PORSC-CR-06-2152). Defendant was interviewed at the time of the investigation. No further investigation was made into the matter. On June 7, 2007, nearly a year after the Eagles Club entered its plea, Defendant was indicted for violation of 17-A M.R.S.A. § 953(1)(C). At hearing on April 15, 2008, Defendant conceded that he could have been charged individually upon indictment of the Eagles Club pursuant to 17-A M.R.S.A. § 61.[1]

---

[1] § 61. Individual liability for conduct on behalf of organization

1

The Defendant now moves to dismiss the action asserting that the indictment is not in compliance with 17-A M.R.S.A. § 14.

## DISCUSSION

Under Maine Law:

> *A defendant* shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses were known to the appropriate prosecuting officer at the time of the commencement of the first trial and were within the jurisdiction of the same court and within the same venue, unless the court, on application of the prosecuting attorney or of the defendant or on its own motion, orders any such charge to be tried separately if it is satisfied that justice so requires (emphasis added).

17-A M.R.S. § 14 (2007). The protection granted in the statute is to an individual defendant, not to any potential defendants in subsequent actions. *See e.g. State v. Fairfield*, 644 A.2d 1052, 1055 n. 3 (Me. 1994)[2]; *State v. Moores*, 396 A.2d 1010, 1011-12 (Me. 1979). Defendant, at hearing, conceded that the State could rightfully charge him individually pursuant to 17-A M.R.S.A. § 61.

---

1. An individual is criminally liable for any conduct the individual performs in the name of an organization or in its behalf to the same extent as if it were performed in the individual's own name or behalf. Such an individual must be sentenced as if the conduct had been performed in the individual's own name or behalf.

2. If a criminal statute imposes a duty to act on an organization, any agent of the organization having primary responsibility for the discharge of the duty is criminally liable if the agent recklessly omits to perform the required act, and the agent must be sentenced as if the duty were imposed by law directly upon the agent.

17-A M.R.S. § 61 (2007).

[2] *Fairfield* states that:

> Apart from protection from double jeopardy, *a defendant* also enjoys a limited statutory protection from being subjected to separate trials "for multiple offenses based on the same conduct or arising from the same criminal episode,. . ." (emphasis added).

*Fairfield*, 644 A.2d at 155 n. 3 (*quoting* 17-A M.R.SA. § 14 (1984)).

In this case the defendant in the prior action was the Eagles Club. The Defendant currently before the Court was not named in the prior action. Accordingly, 17-A M.R.S.A. § 14 is not a bar to this action.

**The entry is:**

The Defendant's Motion to Dismiss the Indictment is DENIED.

DATE: April 30, 2008

Roland A. Cole
Justice, Superior Court

3