STATE OF MAINE                                    SUPERIOR COURT
                                                  CRIMINAL ACTION
CUMBERLAND, ss.                                   Docket No. CR-08-1670

STATE OF MAINE,

        v.                                        DECISION

MARK ELLIOTT,

        Defendant.


Defendant has moved to dismiss Count 2 of this complaint on grounds that it fails to allege a crime.

Defendant's argument is based on the fact that violations of section (A-1) through section (I) in the standard Order for Protection from Abuse (19 M.R.S.A. § 4007) call for a criminal prosecution while violations of sections (J) through (T) call for either a contempt action or a civil judgment.

In this case the Protection from Abuse judge prohibited defendant Mark Elliott from having any contact with plaintiff Ellen Ferrara Thayer by checking off section (B) on the standard order but then specified in a handwritten clarification that no contact included "following, stalking, monitoring plaintiff along her work route from South Portland to Andover MA." Mr. Elliott's argument seems to be that whenever the protection order judge uses a handwritten prohibition, it automatically comes under § 4007(1)(M), which authorizes protection judges to enter "any other orders determined necessary or appropriate in the discretion of the court." Section (1)(M) orders are enforceable only through contempt or a civil judgment.

Mr. Elliott has not cited any case that supports this view of statutory construction. Nor has he cited any legislative history that supports his argument. The statute, itself, would appear to support the opposite view. Section 4001 states that the

protection from abuse statute is to be liberally construed to recognize domestic abuse as a serious crime. Stalking, although it does not appear as a word on the standard order form, is expressly prohibited in § 4007(1)(C)(3). When stalking has been proven, it is to be prosecuted as a crime, not by a contempt proceeding.

What the district court judge did here was clarify what "contact" meant as it applied to this particular case. There is nothing in the statutory scheme that prohibited him from doing this. Therefore the entry will be, by reference:

Defendant Mark Elliott's motion to dismiss is denied.

DATED:     September 22, 2008

_W. S. Brodrick_

William S. Brodrick
Justice, Superior Court
Active Retired

2

State v. Elliott, CR-08-1670 (Superior Ct Cumberland)

The court has reviewed the submissions of the parties with respect to defendant's motion to reconsider defendant's motion for judgment of acquittal or in the alternative to correct sentence.

Defendant cites the U.S. Supreme Court's decision in United States v. Dixon, 509 U.S. 688 (1993) and Justice Nivison's decision in State v. Labbe, CR-08-639 (Skowhegan District Court, order dated October 14, 2008) for the proposition that convicting and sentencing defendant on both counts 1 and 2 in this case violates double jeopardy.

Dixon establishes that there are two elements of the double jeopardy test. The first is whether the two crimes in question have separate elements. See 509 U.S. at 696. This is the so-called Blockburger test. Id. In this case the crimes charged had different elements. For example, in order to convict Elliott of stalking, the State had to prove that he acted either intentionally or knowingly. To convict him of violation of a protection order, the State had to prove that he had actual knowledge of the protective order. Applying the Blockburger test, therefore, Elliott's convictions did not violate double jeopardy. See Dixon, 509 U.S. at 701-02.[1]

Prior to Dixon, a separate test for double jeopardy was also applicable when subsequent prosecutions were brought for the same conduct. See Dixon, 509 U.S. at 697 (the Grady test). That test, however, only applied when a subsequent prosecution was brought with respect to the same conduct for which a defendant has already been put on trial. The Grady test would not have applied in this case, where both offenses were originally charged together and were tried together. In any event, however, Grady was overruled in Dixon, and that issue is now academic. See Dixon, 509 U.S. at 704, 711; State v. Fairfield, 644 A.2d 1052, 1054-55 (Me. 1994),

Defendant's additional contentions are without merit.

Defendant's motion to reconsider defendant's motion for judgment of acquittal or in the alternative to correct sentence is denied.

Dated: January _9__, 2009

_____
Thomas D. Warren
Justice, Superior Court

---

[1] The plurality opinions in Dixon may leave open the possibility that under some circumstances even if the same element test if met, double jeopardy may not be violated so long as the relevant offenses are combined in a single prosecution. See United States v. Henry, 519 F.3d 68, 73 (1st Cir. 2008).