# United States Court of Appeals
## For the First Circuit

---

Nos. 06-1298, 06-1299

UNITED STATES OF AMERICA,

Appellee,

v.

LEE HENRY,

Defendant, Appellant.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

---

Before

Lynch and Howard, Circuit Judges,
and Stahl, Senior Circuit Judge.

---

Kenneth I. Seiger, by appointment of the Court, for appellant.
Alex J. Grant, Assistant United States Attorney, with whom
Mark T. Quinlivan, Assistant United States Attorney, and Michael J.
Sullivan, United States Attorney, were on brief for appellee.

---

March 7, 2008

---

**STAHL, <u>Senior Circuit Judge</u>**.  Lee Henry pleaded guilty to possession with intent to distribute heroin and contempt of court. The district court sentenced him to 144 months' imprisonment for the drug trafficking crime and an additional 24 months' imprisonment for contempt, to be served consecutively.  He appeals his conviction for contempt and his sentence for drug trafficking, asserting that the district court erred by convicting and sentencing him in violation of the Fifth Amendment's prohibition against double jeopardy, failing to conduct the sentencing enhancement colloquy mandated by 21 U.S.C. § 851(b), and the court's determining that two prior offenses were unrelated for Guidelines purposes.  We find no plain error in the district court's treatment of Henry's first two claims and hold that the third claim is barred by the law of the case.

## I.   BACKGROUND

On October 23, 2003, a federal grand jury charged Henry in a four-count indictment with distributing controlled substances in violation of 21 U.S.C. § 841(a)(1).  Following his arrest, a magistrate judge released Henry on bail pending trial, subject to certain conditions, among them that he not commit any additional offenses while on pretrial release.[1]  Undeterred by the magistrate

---

[1]Following a jury trial, Henry was convicted of three of the four counts charged in the indictment, and his convictions were affirmed on appeal.  <u>See</u> <u>United States</u> v. <u>Henry</u>, 482 F.3d 27 (1st Cir. 2007).

judge's admonition, Henry was arrested less than forty-eight hours later, at which point police discovered ten bags of heroin on his person and forty more in his automobile, with an aggregate weight of 1.99 grams. On March 17, 2005, Henry was indicted by a grand jury for possession and possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and, in a separate indictment based on the same underlying conduct, contempt of court, in violation of 18 U.S.C. § 401(3).

On October 7, 2005, Henry pleaded guilty to both indictments at a single hearing, and was duly sentenced for both crimes at a subsequent proceeding.[2] The 144-month sentence for drug trafficking was based, in part, on the district court's determination that Henry should be classified as a career offender under U.S.S.G. § 4B1.1, predicated upon two prior Connecticut state court convictions for drug trafficking. Although the relevant calculations resulted in a suggested Guidelines range of 188 to 235 months, the district court issued a downward departure after finding that the prior state convictions overrepresented Henry's criminal history and that Henry suffered from diminished capacity,

---

[2]Henry was also sentenced for his original drug-trafficking offense during this proceeding. He was, however, represented by different counsel for that offense--apparently, Henry's original counsel refused to represent him in the matter currently on appeal due to her distaste for his violation of the terms of his pretrial release.

stemming from a traumatic experience that occurred during childhood.

Following Henry's timely notices of appeal, his original appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that Henry's appeals did not present any nonfrivolous issues for review, including the question of whether Henry's two prior Connecticut state court convictions should be considered "related" offenses under the Guidelines. On April 3, 2007, we issued an order providing for summary disposition of the matters addressed by the Anders brief, but we requested further briefing concerning two issues raised by Henry's pro se brief--more specifically, his double jeopardy claim and § 851(b) challenge.

## II.  DISCUSSION

### A.  Double Jeopardy

Henry argues that his October 7, 2005, dual convictions for contempt of court and drug trafficking are barred by the Fifth Amendment's prohibition against double jeopardy.[3]  Because Henry

---

[3]Henry, in his brief, seemingly attempts to use his double jeopardy argument to bootstrap an ineffective assistance of counsel claim into the instant appeal.  We will not consider any such claim, however, as it has been waived for purposes of this appeal. United States v. Jiminez, 498 F.3d 82, 88 (1st Cir. 2007) (noting "the well-settled appellate rule that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived'" (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990))).  Moreover, "[w]e have held with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut

did not object on such grounds at trial, we review only for plain error. United States v. Cotton, 535 U.S. 625, 631 (2002); United States v. Soto-Beniquez, 356 F.3d 1, 46 (1st Cir. 2003). To establish plain error, a defendant must show the existence of (1) an error; (2) that is plain; (3) that affected his substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Roy, 506 F.3d 28, 30 (1st Cir. 2007) (citing United States v. Olano, 507 U.S. 725, 732 (1993)). Essentially, we will only reverse if the trial court committed "blockbuster[]" errors. United States v. Moran, 393 F.3d 1, 13 (1st Cir. 2004) (alteration in original) (internal quotation marks omitted) (quoting United States v. Griffin, 818 F.2d 97, 100 (1st Cir. 1987)).

The Double Jeopardy Clause of the Fifth Amendment commands that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend V. Generally, this prohibition against double jeopardy "shields a defendant from a second prosecution for the same offense after either conviction or acquittal, and it also prohibits multiple punishments for the same offense." United States v. Pacheco, 434 F.3d 106, 111-12 (1st Cir. 2006) (citation omitted); accord North Carolina v. Pearce, 395 U.S. 711, 717 (1969). We assume arguendo

on direct review . . . ." United States v. Leahy, 473 F.3d 401, 410 (1st Cir. 2007) (internal quotation marks omitted) (quoting United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993)).

the charges for contempt and drug trafficking against Henry constitute the "same offense" for double jeopardy purposes, because proving the contempt violation required the government to prove the underlying offense of drug trafficking. See United States v. Dixon, 509 U.S. 688, 700 (1993) (Scalia, J., joined by Kennedy, J.); see also Blockburger v. United States, 284 U.S. 299, 304 (1932) (holding that the test "to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not").

Here, Henry pleaded guilty to both the contempt and the drug trafficking charges at the same proceeding, rendering inapplicable the bar against successive prosecutions. Thus, our analysis is restricted to whether the imposition of multiple punishments violated Henry's constitutional rights. Not all multiple punishments run afoul of the Double Jeopardy Clause. Missouri v. Hunter, 459 U.S. 359, 365-66 (1983); United States v. LeMoure, 474 F.3d 37, 43 (1st Cir. 2007). A defendant's constitutional rights are not implicated where "the legislature clearly intended to impose multiple punishments for the offense." United States v. Perez-Gonzalez, 445 F.3d 39, 45 (1st Cir. 2006). "Thus, to determine whether multiple punishments are authorized, we must . . . seek to determine the legislature's intent." Id.

Henry was convicted of contempt of court pursuant to 18 U.S.C. § 401, which provides that:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions; [and]

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

As a condition of pretrial release, the magistrate judge specifically forbade Henry from violating any federal, state, or local law. By committing the underlying drug offense, Henry clearly flouted the magistrate judge's order--as he acknowledged by pleading guilty.

As an initial matter, we observe that the nature of the contempt statute arguably presupposes the notion that Congress intended multiple punishments in situations where the breach of a court's order is likewise a violation of substantive criminal law.[4] Enforcement of a contempt statute vindicates interests wholly

---

[4]The legislative history of 18 U.S.C. § 401(3) does not elucidate the matter. We note, however, that Henry's sentence for contempt was enhanced pursuant to 18 U.S.C. § 3147. Section 3147 provides that "[a] person convicted of an offense committed" while on pretrial release shall serve a term of imprisonment "consecutive to any other sentence of imprisonment," thus lending support to the government's position. 18 U.S.C. § 3147.

separate from those related to punishing drug dealers.[5]  See Young

v. United States ex rel. Vuitton et Fils, 481 U.S. 787, 800 (1987)

(explaining that contempt "proceedings are not intended to punish

conduct proscribed as harmful by the general criminal laws" but

rather to "vindicat[e] the authority of the court").  Thus, the

gravamen of Henry's § 401(3) violation is not his act of drug

trafficking, but rather his failure to obey the court's command

that he refrain from any illegal act while on pretrial release.

See United States v. Woodward, 469 U.S. 105, 109 (1985) (permitting

an inference of congressional intent to authorize multiple

punishments where the relevant statutes guard against different

evils).

Henry's arguments to the contrary are not sufficiently

persuasive to establish plain error.  First, we reject Henry's

argument that Dixon requires reversal.  In relevant part, the

majority holding of Dixon stands for the narrow proposition that an

individual may not be prosecuted for an underlying, substantive

offense and criminal contempt in temporally separate proceedings.

See 509 U.S. at 712.  The divided court left open the possibility

that an individual could be punished for both contempt and an

underlying offense in a single proceeding without implicating

---

[5]Indeed, at sentencing, the district judge expressed his
concern that Henry's contempt of court would not only tarnish the
reputation of the courts, but also harm future defendants by
discouraging the courts from releasing them.

-8-

constitutional concerns.[6] See id. at 714 (Rehnquist, C.J., joined by O'Connor and Thomas, JJ., concurring in part and dissenting in part) (rejecting proposition that the Double Jeopardy Clause bars even separate prosecutions for contempt and underlying offenses); id. at 723-24 (White, J., joined by Stevens and Souter, JJ., concurring in the judgment in part and dissenting in part) (discussing possible constitutionality of multiple punishments for contempt and underlying offenses if imposed in a single proceeding); id. at 742-43 (Blackmun, J., concurring in the judgment in part and dissenting in part) (asserting that contempt proceedings should not be subject to traditional double jeopardy analysis); id. at 745-46 (Souter, J., joined by Stevens, J., concurring in the judgment in part and dissenting in part) (reserving judgment on whether cumulative punishments for the same offense are permissible when clearly intended by the legislature). Thus, Dixon does not answer the question when punishments for contempt and for the underlying crime (from which the contempt order is derived) are administered in a single proceeding.

Second, Henry argues that the canons of statutory interpretation militate in favor of a determination that Congress did not intend to impose multiple punishments in cases involving § 401. He notes that, in 18 U.S.C. § 3285, Congress explicitly

---

[6]Some limited case law supports this interpretation. See United States v. Wildergren, C-94-20452, 1995 WL 249266, at *4 (N.D. Cal. Apr. 25, 1995).

declared that criminal contempt proceedings instituted pursuant to 18 U.S.C. § 402 do not "bar . . . any criminal prosecution for the same act[,]" but that Congress has remained silent concerning § 401. Thus, Henry reasons that the absence of any similar specific authorization with respect to § 401 compels the negative inference that Congress did not intend for multiple punishments to be imposed for contempt of court under § 401 and underlying offenses. See United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 10 (1st Cir. 2005) (recognizing that statutory provisions should be read in harmony with each other).

While not bereft of persuasive force, the permissive, negative inference espoused by Henry lacks the thrust necessary to overcome the significant hurdle of plain error review. First, Henry does not even attempt to explain why Congress would wish the courts to implement § 401 and § 402 differently. A brief review of the two sections, moreover, reveals that § 402 deals exclusively with acts that also constitute "criminal offense[s]." Conversely, § 401 is more general in scope, and authorizes contempt proceedings for actions that may not constitute independent violations of law. Thus, we understand why Congress might have decided to make its intent explicit regarding multiple punishments under § 402, but not § 401, without ever intending inconsistent treatment.

At best, Henry has postulated that there is room for reasonable minds to disagree whether double jeopardy concerns arise

-10-

under these circumstances. He has not, however, met his burden of proving that the district court committed plain error in convicting him of and sentencing him for both drug trafficking and contempt for violating the law after pretrial release. See United States v. Mastera, 435 F.3d 56, 62 (1st Cir. 2006) (noting that we cannot find plain error where the law is unsettled). He has not cited to any prior case law mandating--or even directly supporting--the relief that he requests.[7] See United States v. Caraballo-Rodriguez, 480 F.3d 62, 70 (1st Cir. 2007) (holding that plain error cannot be found in case law absent clear and binding precedent). Certainly, we cannot say that any error "seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Roy, 506 F.3d at 30 (citation omitted). To the contrary, one might reasonably opine that treating an individual such as Henry the same as any other offender (save for Guidelines purposes), ignoring the fact that he procured his pretrial release, at least in part, by promising to abide by a judicial command to follow the law but then brazenly engaged in drug trafficking within forty-eight hours of the magistrate judge's act of leniency, would

---

[7]Indeed, Henry points to our decision in United States v. Colon-Osorio for the much more limited proposition that we have not yet definitively resolved this issue adversely to him. See 10 F.3d 41, 43-44 (1st Cir. 1993). If Henry's best case merely holds the door ajar, even by his own estimation, then his challenge based on plain error falls well short.

-11-

undermine the "public reputation of judicial proceedings." See id.
Accordingly, Henry's claim of double jeopardy must be rejected.

## B.  Section 851(b)

Next, Henry maintains that the district court erred by
failing to conduct the colloquy mandated by 21 U.S.C. § 851(b).
Henry reasons that, because he timely objected to the district
court's failure to conduct the colloquy, his substantive objection
to his sentence is subject to harmless error review.  We disagree.
The mere failure to conduct a § 851(b) colloquy is harmless error.
United States v. Romero-Carrion, 54 F.3d 15, 18 (1st Cir. 1995).
Thus, any reversible error could only stem from specific problems
related to the predicate convictions.   Henry was obligated,
therefore, to specify the basis for his objection to provide the
trial court with an opportunity to consider the issue now presented
on appeal.  See United States v. Vargas, 471 F.3d 255, 262-63 (1st
Cir. 2006).  At sentencing, Henry's counsel tendered only a general
objection to the absence of a § 851 colloquy.  Moreover, it is
transparent from a review of Henry's sentencing memorandum, the
transcript of the sentencing hearing, and the November 29, 2005,
affidavit, submitted by his attorney, William O'Neil, in support of
a continuance, that Henry's actual objections to the application of
the career offender enhancement were limited to the relatedness and
validity of the predicate convictions.   The record is utterly
silent concerning the specific objection now raised on appeal.

-12-

Accordingly, we review only for plain error. <u>United States</u> v. <u>Dickerson</u>, ___ F.3d ___, ___, 2008 WL 192295, at *3 (1st Cir. Jan. 24, 2008).

Pursuant to § 851(b), a district court must "inquire of the defendant whether he or she contests the validity of any of the prior enhancing convictions in the information." <u>Dickerson</u>, 2008 WL 192295, at *3; <u>accord</u> 21 U.S.C. § 851(b). A defendant may not, however, challenge the validity of any prior conviction that occurred more than five years prior to the date the relevant information was filed. <u>See</u> 21 U.S.C. § 851(e); <u>accord</u> <u>Dickerson</u>, 2008 WL 192295, at *3 & n.5. Here, Henry concedes that both of the convictions the court relied upon in enhancing his sentence were more than five years old when the Information was filed. Nevertheless, he maintains that § 851(e) is inapplicable because it does not encompass situations in which a defendant alleges that he was not the person convicted of the offense charged by the Information. Although Henry correctly recites the abstract principle of law, it does not apply under these circumstances.

In his sentencing memorandum to the district court, Henry acknowledged that he pleaded guilty to both of the offenses alleged in the Information. Even now, on appeal, he merely argues that the facts described in the Presentence Report ("PSR") and the Information are not the same facts he admitted to during his plea hearing in Connecticut state court in Docket No. 98-0523584-S.

-13-

Crucially, Henry does not deny that he was the individual who pleaded guilty in Connecticut state court to the drug-related offense charged in Docket No. 98-0523584-S. Thus, he has quite possibly failed even to implicate the defense of mistaken identity--he certainly has not shown plain error on this basis.

Moreover, he does not assert that the purported difference was material--for example, by suggesting that the actual facts of the crime to which he indisputably pleaded guilty are not subject to the sentencing enhancement imposed by the district court. Henry might well be correct that the PSR and Information should have alleged a slightly different set of facts. Yet, he can hardly expect to obtain relief now, when he failed to raise the issue of an entirely technical difference in the proceedings below. See Romero-Carrion, 54 F.3d at 18 (holding that irregularities that do not affect substantial rights are harmless). Certainly, Henry has not shown that the Information was so deficient as to fail to provide notice of the convictions on which the government sought to rely for the purposes of the sentencing enhancement. See, e.g., United States v. Severino, 316 F.3d 939, 943-44 (9th Cir. 2003) (en banc) (holding that discrepancies in an information render it inadequate only where the inaccuracies actually mislead the defendant) (citing United States v. Steen, 55 F.3d 1022, 1028 (5th Cir. 1995)). Indeed, Henry's principal arguments to the trial court--that the relevant state court convictions were related and

that he should be given additional time to contest their validity in Connecticut state court--demonstrate that Henry fully understood which convictions were referenced in the Information.

Significantly, we note that the district court provided Henry with many of the substantive protections contemplated by § 851(b).  See, e.g., United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992) (affirming sentence where the substantive protections contemplated by § 851 were provided, despite technical noncompliance).  The district court addressed Henry's objections to the PSR based on the purported invalidity of the Connecticut state court convictions, as well as his argument that the two predicate convictions underpinning the career offender enhancement should be deemed related offenses.[8]  See id. at 252 n.12 & 13.  Whatever else may be said, Henry has not shown plain error.[9]

## C.  Related Offenses

Finally, Henry argues that the district court erred by rejecting his contention that the two predicate offenses were "related" under the Sentencing Guidelines, rendering the sentencing

---

[8]Although the district judge rejected Henry's contention that the two predicate convictions were related, he nevertheless granted a downward departure on the basis that they overrepresented Henry's criminal history.  It is pellucid from the record that the district court gave earnest and thoughtful consideration to the nature of Henry's prior convictions.

[9]We likewise reject the ineffective assistance of counsel claim that Henry has attempted to incorporate into his § 851(b) claim.  See Leahy, 473 F.3d at 410 (rejecting, as a general rule, ineffective assistance claims on direct appeal).

enhancement unsustainable. <u>See</u> U.S.S.G. § 4A1.2(a)(2). This argument, however, is foreclosed by our April 3, 2007, order granting summary disposition of this ground of appeal. <u>See</u> <u>United States</u> v. <u>Vigneau</u>, 337 F.3d 62, 67-68 (1st Cir. 2003) (holding that the law of the case doctrine forbids "relitigation of the legal issues presented in successive stages of a single case once those issues have been decided" (internal quotation marks omitted) (quoting <u>Field</u> v. <u>Mans</u>, 157 F.3d 35, 40 (1st Cir. 1998))); <u>see</u> <u>also</u> <u>Teti</u> v. <u>Bender</u>, 507 F.3d 50, 56-57 (1st Cir. 2007) (indicating that the closely related doctrine of res judicata applies to claims resolved by summary disposition). Moreover, Henry has not demonstrated--nor even suggested--any unusual circumstances that would warrant an exception to this general rule. <u>See</u> <u>Vigneau</u>, 337 F.3d at 68. Thus, we reject Henry's third and final claim for relief.

### III.  CONCLUSION

For the foregoing reasons, we affirm Henry's convictions and sentences.

<u>Affirmed</u>.