2009 ME 94

**STATE of Maine**

v.

**Michael LABBE.**

Supreme Judicial Court of Maine.

Argued: May 20, 2009.

Decided: Aug. 27, 2009.

Evert N. Fowle, Dist. Atty., Alan P. Kelley, Dep. Dist. Atty. (orally), Augusta, ME, for the State of Maine.

Jason M. Jabar, Esq., Arnold S. Clark, Esq. (orally), Jabar, Batten & Ringer, Waterville, ME, for Michael Labbe.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] The State of Maine appeals from a judgment, entered in the District Court (Skowhegan, *Nivison, J.*), dismissing a charge of violation of condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2008), which accounted for one count of a criminal complaint against Michael Labbe. The other count, which formed the basis for the violation of condition of release charge, was for operating while his license was suspended (Class E), 29–A M.R.S. § 2412–A(1–A)(D) (2008). At Labbe's arraignment, he pleaded guilty to the charge of operating while his license was suspended and was sentenced to forty-eight hours in jail and a $500 fine. He pleaded not guilty to the violation of condition of release charge. Labbe filed a motion to dismiss the violation of condition of release charge on the basis of double jeopardy. The court granted Labbe's motion, and the State appeals. We vacate.

[¶ 2] We review the judgment de novo because the appeal involves the interpretation of constitutional and statutory provisions. *See McGee v. Sec'y of State,* 2006 ME 50, ¶ 5, 896 A.2d 933, 936.

[¶ 3] The Double Jeopardy Clause, set forth in the Fifth Amendment to the United States Constitution, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Double Jeopardy Clause is applicable to the states through the Fourteenth Amendment. *State v. Jordan,* 1998 ME 174, ¶ 7, 716 A.2d 1004, 1005 (citing *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)). Article I, section 8 of the Maine Constitution states: "No person, for the same offense, shall be twice put in jeopardy of life or limb." These state and federal constitutional protections are coterminous. *Id.* ¶ 7, 716 A.2d at 1005–06.

[¶ 4] The Double Jeopardy Clause provides three protections: (1) it "protects against a second prosecution for the same offense after acquittal"; (2) it "protects against a second prosecution for the same

offense after conviction"; and (3) it "protects against multiple punishments for the same offense." *Ohio v. Johnson,* 467 U.S. 493, 497–98, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (quotation marks omitted).

[¶ 5] The State concedes that the charge of operating after suspension and the charge of violation of condition of release are the same offense for purposes of the application of the Double Jeopardy Clause. We analyze this case under the second and third protections, i.e., the protection against a second prosecution for the same offense after conviction, and the protection against multiple punishments for the same offense.

[¶ 6] Two charges that are considered the same offense for purposes of double jeopardy may be prosecuted in the same proceeding, but not in successive, temporally separate proceedings. *Johnson,* 467 U.S. at 500–01, 104 S.Ct. 2536 (citing *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)); *United States v. Henry,* 519 F.3d 68, 73 (1st Cir. 2008) (citing *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)). In *Henry,* the First Circuit came to a straightforward and useful conclusion after analyzing the Supreme Court's majority opinion in *Dixon* along with its multiple concurrences and dissents:

> In relevant part, the majority holding of *Dixon* stands for the narrow proposition that an individual may not be prosecuted for an underlying, substantive offense and criminal contempt in temporally separate proceedings. The divided court left open the possibility that an individual could be punished for both contempt and an underlying offense in a single proceeding without implicating constitutional concerns.

*Henry,* 519 F.3d at 73 (citation and footnote omitted) (upholding, on plain error review, the defendant's conviction, in a sin-

gle proceeding, for drug trafficking and contempt for violating the terms of his pretrial release).

[¶ 7] Under this analysis, the determination whether Labbe was subjected to a violation of the Double Jeopardy Clause protection against a second prosecution for the same offense after conviction turns on whether the State prosecuted the operating after suspension and violation of condition of release charges in a single proceeding. Labbe contends that the prosecution of the violation of condition of release is a totally separate proceeding from the guilty plea on the charge of operating while his license was suspended. We disagree. Labbe's prosecution for both charges occurred in a single proceeding.

[¶ 8] The prosecution of Labbe on the charges of operating while his license was suspended and violation of condition of release is analogous to the constitutionally permissible prosecution on multiple charges in *Johnson,* 467 U.S. at 500, 104 S.Ct. 2536. In *Johnson,* the defendant was indicted for four offenses ranging from murder to grand theft. *Id.* at 494, 104 S.Ct. 2536. He offered to plead guilty to charges of involuntary manslaughter and grand theft, but he pleaded not guilty to charges of murder and aggravated robbery. *Id.* The state objected to the pleas, but the trial court accepted them, sentenced the defendant, and granted his motion to dismiss the two more serious charges on the basis of double jeopardy. *Id.* The Supreme Court reversed, holding that there was no double jeopardy because all four charges were returned in a single indictment and prosecuted in a single proceeding. *Id.* at 500–01, 104 S.Ct. 2536. The Court stated:

> Respondent's argument is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a de-

termination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded. We have never held that, and decline to hold it now.

*Id.* at 501, 104 S.Ct. 2536. The Supreme Court noted that (1) there was no issue of prosecutorial overreaching, and (2) it was the defendant's pleas, rather than any action by the state, that brought about the separate dispositions of the charges. *Id.* at 501–02, 104 S.Ct. 2536. The Court concluded that the defendant "should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Id.* at 502, 104 S.Ct. 2536. The prosecution of Labbe did not violate the Double Jeopardy Clause protection against a second prosecution for the same offense after conviction.

[¶ 9] We next address whether the prosecution violates the third Double Jeopardy Clause protection, i.e., the protection against multiple or cumulative punishments for the same offense. Cumulative punishment, if imposed in a single prosecution, is constitutionally permitted as long as the legislature intends to permit it. *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). In *Hunter,* the Court stated: "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.*

[¶ 10] Labbe argues that the Legislature must expressly mandate cumulative punishment in order to avoid double jeopardy issues. We disagree. In *Hunter,* the Supreme Court affirmed the principle of statutory construction that legislative in-

tent must be clear, holding that the Missouri legislature had specifically authorized cumulative punishment under the two statutes at issue in that case. *Id.* at 367–68, 103 S.Ct. 673. Although in *Hunter,* cumulative punishment was mandated by the legislature for the statutes at issue, *id.* at 362, 103 S.Ct. 673, we interpret *Hunter* to require only that (1) legislative intent to permit cumulative punishment be clear, and (2) cumulative punishment be specifically authorized. *Id.* at 366–67, 103 S.Ct. 673. We do not interpret *Hunter* to require the Legislature to mandate cumulative punishment in order to avert a double jeopardy challenge.

[¶ 11] In *Henry,* the First Circuit did not require the legislature to expressly mandate cumulative punishment. 519 F.3d at 72. *Henry* dealt with a double jeopardy claim that is closely analogous to Labbe's on the issue of multiple punishment. In *Henry,* the defendant had violated pre-trial bail conditions by possessing heroin with intent to distribute. *Id.* at 70. He pleaded guilty to both the drug charge and contempt of court in a single proceeding. *Id.* at 72. The court noted that it did not need to analyze the case under law applicable to successive proceedings, but could restrict its analysis to whether multiple punishments, imposed in a single proceeding, violated the defendant's constitutional rights. *Id.* The court held that the defendant failed to meet his burden, on plain error review, to demonstrate that the legislature did not intend to permit multiple punishments in these circumstances. *Id.* at 73–74. The court noted that "the nature of the contempt statute arguably presupposes the notion that Congress intended multiple punishments in situations where the breach of a court's order is likewise a violation of substantive criminal law." *Id.* at 72.

[¶ 12] The Maine Bail Code reflects legislative intent to permit cumulative punishments for both operating after suspension and violation of condition of release because it mandates the bail condition that the defendant refrain from committing new criminal conduct, 15 M.R.S. § 1026(1) (2008), and it makes a violation of condition of release a crime independent of the new criminal conduct on which the violation of condition of release charge is based. 15 M.R.S. § 1092(1) (2008). Likewise, the sentencing statute indicates legislative intent to permit cumulative punishments for violation of condition of release by providing that a sentence may be consecutive when the defendant was on bail or probation at the time he or she committed the subsequent offense. 17-A M.R.S. § 1256(2)(B), (C) (2008). It is clear that the Legislature intended to permit cumulative punishments for both violation of condition of release and the new criminal conduct on which the violation of condition of release charge is based.

 [¶ 13] Labbe argues that *State v. Thornton*, 540 A.2d 773 (Me.1988), and *State v. Poulin*, 538 A.2d 278 (Me.1988), preclude his prosecution for the violation of condition of release offense after he pleaded guilty to the charge of operating while his license was suspended. In *Thornton*, the crimes at issue were rape, gross sexual misconduct, and unlawful sexual contact. 540 A.2d at 774–75. In *Poulin*, the crimes at issue were rape and gross sexual misconduct. 538 A.2d at 278. We did not analyze either case under the Double Jeopardy Clause protection against multiple punishments and did not discuss legislative intent. If, as here, the offenses are the same and are being prosecuted in a single proceeding, the appropriate analysis is under the third of the Double Jeopardy Clause protections, i.e., the protection against multiple punishments, and the intent of the Legislature must be considered. Because the Legislature intended to permit cumulative punishment for the violation of condition of release and the new criminal conduct on which the violation of condition of release charge is based, Labbe has not been subjected to any violation of the Double Jeopardy Clause protection against multiple punishments for the same offense.

The entry is:

Judgment vacated. Remanded for further action consistent with this opinion.