# United States Court of Appeals
## For the First Circuit

No. 09-2325

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ A. GARCÍA-ORTIZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Boudin, Selya and Lipez,
Circuit Judges.

Rachel Brill on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Chief Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

September 12, 2011

**SELYA**, **Circuit Judge**.  Following resentencing, defendant-appellant José A. García-Ortiz challenges his conviction and sentence on one of three counts of conviction on the ground that the challenged conviction and sentence violate the Double Jeopardy Clause.  He simultaneously challenges his sentence on another count as unreasonably high, castigating the district court for denying him a mitigating role adjustment.  In a pro se supplementary brief, he augments this asseverational array by challenging both the legitimacy of his conviction and the sentencing court's failure to reduce his sentence based on post-offense rehabilitation.  After careful consideration, we affirm in part, vacate in part, and remand for resentencing.

The background facts, taken in a light consistent with the jury's verdict, are easily catalogued.  Those who hunger for more exegetic detail should consult our earlier opinion in this case.  See United States v. García-Ortiz, 528 F.3d 74, 77-79 (1st Cir. 2008).

On December 9, 2000, the defendant and several confederates assaulted and robbed two employees of a food warehouse in Puerto Rico.  In an ensuing gunfight, one of the robbers was killed and the defendant himself was wounded.  Later the same day, local police officers recovered the bullet-ridden car that had been used by the robbers.  Through DNA analysis, the Federal Bureau of

Investigation identified blood found inside the car as the defendant's blood.

Presented with these facts and other evidence, a federal grand jury indicted the defendant. The operative charging document, a superseding indictment handed up on September 3, 2003, contained three counts. Count 1 charged the defendant with Hobbs Act robbery, see 18 U.S.C. § 1951(a); count 2 charged him with aiding and abetting the unlawful carrying and use of a firearm during and in relation to the robbery, see id. § 924(c)(1)(A); and count 3 charged him with aiding and abetting the death of an accomplice in the commission of an armed robbery, see id. § 924(j). The defendant maintained his innocence, but a trial jury convicted him on all three counts.

The district court originally sentenced the defendant on May 10, 2006 (the details of that sentence are irrelevant here). On appeal, we upheld the convictions but vacated the sentence and remanded for resentencing. See García-Ortiz, 528 F.3d at 85.

Once the case had been returned to the district court, the defendant filed a sentencing memorandum urging, among other things, downward adjustments for his mitigating role and his post-offense rehabilitation. He later filed a supplementary memorandum, arguing that the offense charged in count 2 was a lesser included offense of that charged in count 3 and that, therefore, sentencing him independently on count 2 transgressed the Double Jeopardy Clause.

At a resentencing hearing held on August 13, 2009, the district court rejected the defendant's lesser included offense argument, his request for a mitigating role adjustment, and his request for a reduced sentence based on post-offense rehabilitation. The court did, however, grant a five-level reduction of the base offense level (from 43 to 38), concluding that a base offense level of 43 would be too severe in the absence of any evidence that the defendant intended to kill his accomplice. When all was said and done, the court imposed a 240-month incarcerative sentence on count 3, a concurrent 50-month sentence on count 1, and a consecutive five-year sentence on count 2.[1] The court repeatedly stated that, in imposing the sentence, it had evaluated the factors enumerated in 18 U.S.C. § 3553(a).

This timely appeal followed. The defendant's claims of error are fourfold. In his counselled brief, he renews his double jeopardy and mitigating role arguments. Then, in his supplementary pro se brief, he attempts to attack his conviction frontally and to reassert his claim of post-offense rehabilitation.[2] We deal with these claims of error sequentially.

_____

[1] This consecutive sentence was required by statute. See 18 U.S.C. § 924(c)(1)(D)(ii); see also id. § 924(c)(1)(A) (directing that punishment for a violation of subsection (c) is to be imposed "in addition to the punishment provided for" the underlying crime of violence).

[2] The pro se brief also reasserts the claim of entitlement to a mitigating role adjustment, but it adds nothing of substance to the parallel argument contained in the defendant's counselled brief.

-4-

The defendant's principal plaint is that his conviction and sentence on count 2 violate the Double Jeopardy Clause, U.S. Const. amend. V, because his conviction on that count is for a lesser included offense of the crime for which he stands convicted under count 3. We review this claim de novo. See United States v. Gerhard, 615 F.3d 7, 18 (1st Cir. 2010); United States v. DeCologero, 530 F.3d 36, 71 (1st Cir. 2008).

"[W]henever a defendant is tried for greater and lesser offenses in the same proceeding . . . neither legislatures nor courts have found it necessary to impose multiple convictions . . . ." Rutledge v. United States, 517 U.S. 292, 307 (1996). Even so, "[n]ot all multiple punishments run afoul of the Double Jeopardy Clause." United States v. Henry, 519 F.3d 68, 72 (1st Cir. 2008). Congress may authorize punishment under two separate statutes, even if those two statutes proscribe the same conduct. Missouri v. Hunter, 459 U.S. 359, 368-69 (1983); Albernaz v. United States, 450 U.S. 333, 344 (1981); Whalen v. United States, 445 U.S. 684, 688-89 (1980).

Here, the elements of section 924(c), collectively, are elements of section 924(j); that is, a conviction under section 924(j) necessarily includes a finding that the defendant violated section 924(c). See 18 U.S.C. § 924(j). The only meaningful difference is that section 924(j) requires proof of one additional fact: the death. Accordingly, section 924(c) is a lesser included offense of section 924(j). See United States v. Flores, 968 F.2d

-5-

1366, 1369, 1371 (1st Cir. 1992). The government now concedes as much, and the case law amply supports this concession. See, e.g., United States v. Catalán-Roman, 585 F.3d 453, 472 (1st Cir. 2009); United States v. Jiménez-Torres, 435 F.3d 3, 10 (1st Cir. 2006).

The analysis, however, does not end there. Although traditionally legislatures have not authorized cumulative punishment for lesser included offenses, see Rutledge, 517 U.S. at 307, there is no direct bar against such legislation. See Albernaz, 450 U.S. at 344 ("In determining the permissibility of the imposition of cumulative punishment for the crime of rape and the crime of unintentional killing in the course of rape, the Court recognized that the 'dispositive question' was whether Congress intended to authorize separate punishment for the two crimes." (quoting Whalen, 445 U.S. at 689)). In other words, Congress could have authorized cumulative punishments for convictions under sections 924(c) and 924(j) had it chosen to do so. See Hunter, 459 U.S. at 366-68. But the plain language of section 924(j) indicates no such desire. It follows that, in line with the principles limned in Rutledge, the conviction and sentence on count 2 must be annulled. See Rutledge, 517 U.S. at 307 (adhering to the presumption that Congress intends to authorize only one punishment when a defendant is convicted under two different statutes that proscribe the same conduct); see also Whalen, 445 U.S. at 691-92 (noting that without a clear indication that Congress intended cumulative punishments for the same offense under two different

-6-

statutes, courts must presume that Congress authorized only one punishment).

We turn next to the defendant's contention that the sentencing court should have awarded him a two-level reduction in his offense level for his minor role in the offenses of conviction. Under the applicable guideline provision, a sentencing court may reduce a defendant's total offense level by two levels (and thus lower his guideline sentencing range) if it finds that the defendant played a minor role in the offense of conviction. USSG §3B1.2(b). A request for a minor role adjustment is addressed to the sound judgment of the sentencing court, and a defendant who seeks that balm bears the burden of proving his entitlement to it by a preponderance of the evidence. United States v. Vargas, 560 F.3d 45, 50 (1st Cir. 2009). The essential predicate is a showing that the defendant is both less culpable than his confederates (or, at least, most of them) and less culpable than the mine-run of those who have committed similar crimes. United States v. Ocasio, 914 F.2d 330, 333 (1st Cir. 1990).

Recognizing, as we do, that the determination of a defendant's role is factbound, "we review a district court's resolution of the facts relative to a minor role adjustment for clear error, applications of law to those raw facts somewhat less deferentially, and purely legal questions de novo." United States v. Quiñones-Medina, 553 F.3d 19, 22 (1st Cir. 2009). Absent an error of law — and we discern none here — the battle over a

defendant's role in the offense "will almost always be won or lost in the district court." United States v. Graciani, 61 F.3d 70, 75 (1st Cir. 1995).

In this instance, the lower court concluded that the defendant had not demonstrated an entitlement to a mitigating role adjustment. In the court's view, the defendant was a "direct participant" in the robbery and, as such, did not satisfy either prong of the test. The proof of the defendant's direct participation in the robbery and gunfight was quite strong — the jury's verdict, affirmed on appeal, see García-Ortiz, 528 F.3d at 85, conduces to that view — and the inference drawn by the district court seems eminently reasonable. See, e.g., Quiñones-Medina, 553 F.3d at 22-23 (upholding denial of mitigating role adjustment where facts demonstrated defendant's "full-fledged participation[]" in commission of crime); United States v. Olivero, 552 F.3d 34, 40-41 (1st Cir. 2009) (similar).

The defendant reproves the district court for relying on the presentence investigation report (PSI Report) to lend credence to its finding that he was a direct participant in the crimes of conviction. This attack is easily repulsed. Where, as here, the factual account set out in the PSI Report plausibly supports two different sets of inferences, a sentencing court's choice of one over the other cannot be deemed clearly erroneous. United States v. Prochner, 417 F.3d 54, 66 n.9 (1st Cir. 2005); United States v. Villarman-Oviedo, 325 F.3d 1, 16 (1st Cir. 2003).

To be sure, the defendant attempts to minimize his role by comparing himself to the ringleader of the group. This comparison amounts to little more than whistling past the graveyard. The fact that some other accomplice may be more culpable than the defendant does not necessarily mean that the defendant's role in the offense is minor. See United States v. Soto-Beníquez, 356 F.3d 1, 53 (1st Cir. 2004); United States v. Murphy, 193 F.3d 1, 8-9 (1st Cir. 1999).

In a related vein, the defendant contends that the failure of the sentencing court to afford him a mitigating role adjustment reflects a misapplication of a statute providing that, in fashioning a sentence, the court shall consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and] (2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . ." 18 U.S.C. § 3553(a). The defendant maintains that, in this case, the sum total of these factors compels a mitigating role adjustment.

This contention lacks force. The court below stated that it had thoroughly explored the section 3553(a) factors. Such a statement "is entitled to some weight." United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010). Here, moreover, it is evident that the court considered the nature and seriousness of the offense and the role of the offender. Viewing the record as a

whole, we find no clear error in the court's refusal to calibrate the section 3553(a) factors differently.

To sum up, the defendant fully assented to sharing the risks, responsibilities, and rewards of the venture with his confederates. The record supports a finding that he played an active role in the robbery and gunfight. He was, therefore, not a minor participant. See United States v. Ocasio-Rivera, 991 F.2d 1, 4 (1st Cir. 1993); Ocasio, 914 F.2d at 333.

This brings us to the arguments advanced in the defendant's pro se brief. There, he alleges that this court, in its earlier opinion, erroneously upheld his conviction. This allegation is hopeless.

A court of appeals normally does "not review in a second direct appeal an issue that underlies a previously affirmed conviction." United States v. Gama-Bastidas, 222 F.3d 779, 784 (10th Cir. 2000). That general rule applies here. While taking a second look at a previously decided issue occasionally may be justified, see United States v. Bell, 988 F.2d 247, 250-51 (1st Cir. 1993), such an unusual step must be predicated on an exceptional circumstance (say, a material change in controlling legal authority, significant new evidence not earlier obtained in the exercise of due diligence, or a blatant error in the prior decision that would, if uncorrected, result in a serious injustice). Id. at 251. The defendant has made no showing of any such exceptional circumstance here.

-10-

Finally, the defendant contends that the district court should have reduced his sentence based on his rehabilitation efforts while incarcerated. The Supreme Court recently confirmed that post-offense rehabilitation may, in appropriate circumstances, constitute a basis for a discretionary sentence reduction. See Pepper v. United States, 131 S. Ct. 1229, 1241 (2011).

To say that such a reduction is theoretically available is not to say that it is compelled. The instant claim of post-offense rehabilitation is not new: the defendant raised the issue below, and the district court, at least by implication, rejected it. We have reviewed the proffered evidence of rehabilitation and do not find it irresistible. In the main, judgment calls of this sort "are for the sentencing court, not for this court." United States v. Madera-Ortiz, 637 F.3d 26, 32 (1st Cir. 2011). So it is here.

There is one loose end. When a defendant successfully challenges one of several interdependent sentences, the proper course often is to remand for resentencing on the other (non-vacated) counts. See United States v. Pimienta-Redondo, 874 F.2d 9, 14-16 (1st Cir. 1989) (en banc). This is such a case. We have vacated the consecutive sentence (count 2), yet the statutory requirement that a part of the sentencing package run consecutively, see supra note 1, arguably applies to section 924(j) (count 3). See, e.g., United States v. Dinwiddie, 618 F.3d 821, 837 (8th Cir. 2010); United States v. Battle, 289 F.3d 661, 666,

-11-

668-69 (10th Cir. 2002).  In view of these circumstances, we think it likely that the district court may wish to unbundle and reconstitute the sentencing package.  See Pimienta-Redondo, 874 F.2d at 14.  The district court may also wish to ameliorate the overall sentence in light of the reduced number of counts on which sentence will be imposed.

We need go no further.  For the reasons elucidated above, we affirm the defendant's conviction on counts 1 and 3, vacate his conviction and sentence on count 2, and remand for resentencing on the two remaining counts.

**Affirmed in part, vacated in part, and remanded for resentencing**.