# United States Court of Appeals
## For the First Circuit

No. 15-1779

UNITED STATES OF AMERICA,

Appellee,

v.

BRIAN ERICK MONTES-FOSSE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Selya, and Barron,
Circuit Judges.

Lydia Lizarríbar-Masini, on brief for appellant.
Susan Z. Jorgensen, Assistant United States Attorney, Rosa
Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-
Sosa, Assistant United States Attorney, Chief, Appellate Division,
on brief for appellee.

May 31, 2016

**TORRUELLA**, **Circuit Judge**.  After Defendant-Appellant Brian Erick Montes-Fosse ("Montes") pled guilty to aiding and abetting the robbery of a postal worker, the United States District Court for the District of Puerto Rico sentenced him to a term of 51 months' imprisonment and 3 years' supervised release.  During the sentencing hearing, the district court determined that Montes should receive a sentencing enhancement under the United States Sentencing Guidelines (the "Guidelines") because a firearm was brandished or possessed during the robbery.  The district court also found that Montes was not entitled to a downward adjustment for playing a minor role in the offense.  Montes now appeals his sentence.  We affirm.

## I.

When a defendant appeals after a guilty plea, "we glean the relevant facts from the change-of-plea colloquy, the unchallenged portions of the presentencing investigation report (PSI Report), and the record of the disposition hearing."  United States v. Vargas, 560 F.3d 45, 47 (1st Cir. 2009).

On June 30, 2014, the victim -- a United States Postal Service ("USPS") worker -- was delivering mail in Mayagüez, Puerto Rico.  The victim was seated in her USPS vehicle when Alipio Soto-Montalvo ("Soto") approached.  With a gun in hand, Soto demanded that the victim turn over the packages in her vehicle.  After she

placed several parcels on the front seat, Soto took two or three of the packages and fled the scene on foot.

Montes had driven Soto to the scene. Montes would later acknowledge having "taken [Soto] earlier the day to the place where the robbery occurred for the purpose of committing that robbery." At some point after the robbery, a witness at the housing project where both men lived overheard them discussing the crime and "warning of a heavy police presence" in the area.[1]

Montes and Soto were arrested in October and September 2014, respectively. Montes pled guilty to one count of aiding and abetting the robbery of a USPS employee under 18 U.S.C. § 2114(a) and § 2, and Soto to aiding and abetting the carrying, using, and brandishing of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) and § 2.

Under Montes's written plea agreement, Montes and the Government agreed to the following Guidelines recommendations: Montes would receive a base offense level of 20 under U.S.S.G. § 2B3.1(a), with a 2-level increase because post office property was taken under U.S.S.G. § 2B3.1(b)(1); a 5-level increase because a firearm was brandished or possessed during the robbery under U.S.S.G. § 2B3.1(b)(2)(C); a 3-level reduction for

---

[1] It is unclear from the record whether Montes was warning Soto or vice versa.

acceptance of responsibility under U.S.S.G. § 3E1.1; and a 2-level reduction in light of Montes's minor role in the crime under U.S.S.G. § 3B1.2(b). Montes reserved the right to argue against the 5-level weapons enhancement. With that enhancement, the Guidelines calculation yielded a total offense level of 22, which correlates to a Guidelines range of 41 to 51 months' imprisonment for an offender with a Criminal History Category ("CHC") of I.[2]

At the sentencing hearing, the district court applied the 5-level weapon enhancement and rejected the parties' joint recommendation for a 2-level minor role reduction, both over objections from Montes. Based on a total offense level of 24 and a CHC of I, Montes had a Guidelines range of 51 to 63 months' imprisonment and was sentenced to 51 months' imprisonment and 3 years' supervised release.

## II.

Where, as here, "the moving party raises an objection below, sentencing determinations are reviewed for abuse of discretion," with the district court's factual findings subject to clear error review and its interpretation of the Guidelines to de

---

[2] The parties did not stipulate as to a CHC in the plea agreement.

novo review.  United States v. Lasseque, 806 F.3d 618, 623 (1st Cir. 2015).

**A.  U.S.S.G. § 2B3.1(b)(2)(c):  Brandishing a Firearm**

Section 2B3.1 of the Guidelines provides a 5-level increase "if a firearm was brandished or possessed" during the commission of a robbery.  U.S.S.G. § 2B3.1(b)(2)(c).  During the sentencing hearing, the Government contended that "it would be impossible for Mr. Montes not to have known that [Soto] had a firearm," as Soto was carrying the gun "at all times" before the robbery.  To the contrary, Montes contends that this enhancement is inapplicable because the evidence did not demonstrate that he had advance knowledge of the gun.  See Rosemond v. United States, -- U.S. --, 134 S. Ct. 1240, 1248-49 (2014).  But, for purposes of § 2B3.1(b)(2)(c), "the proper inquiry is whether the district court could find, by a preponderance of the evidence, that it was reasonably foreseeable to [Montes] that [Soto] would brandish or possess a weapon during the robbery," and "not whether [Montes] had actual knowledge of the gun prior to the robbery." Lasseque, 806 F.3d at 624.  Indeed, when imposing the enhancement, the district court noted that the Guidelines contained no knowledge requirement.

"We have stated before that guns are often 'tools of the trade' when it comes to certain offenses, and that an awareness of

the general plan is sufficient to infer knowledge that the weapons would be used to carry that plan through to completion." Id. Accordingly, we have determined that the use of a gun is reasonably foreseeable in the context of bank robberies, see id., and certain drug offenses, see United States v. Fermin, 771 F.3d 71, 83 (1st Cir. 2014). Soto contends that, as opposed to a bank robbery or drug deal, "a knife or blade could have sufficed to rob a single postal worker on duty delivering packages." The possibility that Soto may have used a less deadly weapon, however, does not mean that the use of a gun was not reasonably foreseeable. Montes does not dispute that he was aware that Soto had ventured to that area for the purpose of robbing a postal worker in broad daylight: even if Montes had not seen the weapon, as he contends, it would have been reasonably foreseeable that Soto would use a gun to ensure that the postal worker gave him the packages and in case he encountered any resistance from the victim herself or any other passerby or authority. See United States v. Spinney, 65 F.3d 231, 237 (1st Cir. 1995) ("[N]ot even the most sanguine criminal would expect clear sailing without some menace in the wind."). Accordingly, the district court did not clearly err in determining that the application of § 2B3.1(b)(2)(c) was warranted here.

## B.  U.S.S.G. § 3B1.2(b):  Minor Participant

Section 3B1.2 of the Guidelines allows for a 2-level reduction where "the defendant was a minor participant" in the offense.  U.S.S.G. § 3B1.2(b).[3]  A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2 cmt. 5.  The defendant bears the burden "of proving that he is both less culpable than most others involved in the offense of conviction and less culpable than most other miscreants convicted of comparable crimes."  United States v. Ortiz-Santiago, 211 F.3d 146, 149 (1st Cir. 2000).  "Role-in-the-offense determinations are notoriously fact-sensitive," and the district court's decision to apply a minor-role reduction is subject to clear error review.  Id. at 148-49.  Accordingly, "absent a mistake of law, battles over a defendant's status will almost always be won or lost in the district court."  Id. at 149 (internal formatting omitted) (quoting United States v. Graciani, 61 F.3d 70, 75 (1st Cir. 1995)).

---

[3]  As a threshold matter, Montes contends that the Government's arguments on appeal that he did not play a "minor role" qualify as a breach of the plea agreement.  Because it is clear under our case law that the district court did not clearly err in determining that Montes was not entitled to this adjustment, we need not decide whether the Government's arguments, made on appeal but not before the district court during sentencing, should be disregarded.

This case, however, gives us pause. Montes has consistently denied that he was involved in the planning of the crime, and neither the Government nor the Probation Office has stated otherwise. The record establishes only that Montes drove Soto to the scene of the crime (albeit with full knowledge that a crime would be committed) and later discussed the heavy police surveillance in the area with Soto. During the sentencing hearing, however, the district court implied that Montes "scope[d] out the place" prior to the robbery. As Montes suggests, the use of the phrase "scope out" suggests that Montes was involved in the planning of the offense. In the circumstances of this case, a statement by the district court inflating a defendant's role in the crime, without any record basis for this assertion, may well be an indicator of error.

Nevertheless, the district court's subsequent statements indicate that it understood Montes's more limited role in the offense. After the district court expressed its doubts as to the minor role adjustment, defense counsel clarified that Montes only "drove . . . [Soto] to this place and left him there," to which the district court replied, "I know, but he was taking him to the place where the robbery occurred for the purpose of committing the robbery, so he knew a robbery was going to be committed." In light of this exchange, we are satisfied that the district court

understood that Montes did not help plan the offense.  Rather than basing its conclusion on Montes's involvement in the underlying scheme, the district court clarified that the act of driving his accomplice to the scene of the crime, with full knowledge of what was to ensue, precluded a minor-role adjustment in this instance.

To be sure, we typically have upheld a district court's decision not to grant a role-in-the-offense adjustment where the defendant has more extensive involvement in the underlying crime. See, e.g., United States v. Meléndez-Rivera, 782 F.3d 26, 29 (1st Cir. 2015) (affirming denial of minor role adjustment where "the appellant was present for the planning of the scheme and deeply involved in its execution"); Vargas, 560 F.3d at 49-51 (affirming the denial of a minor-role adjustment "in light of [the defendant's] prior participation in the transportation of contraband, his help in loading the truck, the amount of money paid to him, the quantity of drugs that had been entrusted to his care, and his willingness to discuss a role in future deliveries"); United States v. Morales-Machuca, 546 F.3d 13, 24 (1st Cir. 2008) (affirming denial of minor-role reduction where the defendant "was in telephonic contact with the other defendants who were physically participating in the robbery; was supposed to pick-up the defendants after the March 27, 2002 robbery; supplied the Taurus 9mm pistol that [was involved in] the shoot-out; and enjoyed a

-9-

share of the stolen money").  Montes did not retrieve Soto from the scene, provide a weapon, assist in planning the crime, or take any of the stolen packages following the robbery.  Still, our deferential standard of review militates against reversal.

No defendant is entitled to a minor-role downward adjustment.  See United States v. Santos, 357 F.3d 136, 143 (1st Cir. 2004) ("[E]ven those who serve purely and simply as drug couriers are not automatically guaranteed mitigating role reductions."); cf. Meléndez-Rivera, 782 F.3d at 29 ("[A] defendant need not be the key figure in a conspiracy in order to be denied a mitigating role-in-the-offense adjustment.").  The district court found unpersuasive the fact that Montes did not have more extensive involvement in the robbery:  according to the district court, Montes drove the assailant to the scene of the crime, knowing full well that the assailant would commit robbery.  See United States v. García-Ortiz, 657 F.3d 25, 29-30 (1st Cir. 2011) ("The fact that some other accomplice may be more culpable than the defendant does not necessarily mean that the defendant's role in the offense is minor.").[4]  The district court's determination was not unreasonable, and we therefore affirm its decision not to

---

[4]  Indeed, Montes makes only a passing argument that he is "less culpable than the mine-run of those who have committed similar crimes," a required showing for those hoping to avail themselves of the minor-role reduction.  García-Ortiz, 657 F.3d at 29.

grant Montes a minor-role downward adjustment.  See United States v. Dilorio, 948 F.2d 1, 5 (1st Cir. 1991) ("[A] district court's determination under the Guidelines of a defendant's role in an offense cannot be clearly erroneous where it is based on a reasonable inference drawn from the undisputed facts.").

## III.

Because we do not find that the district court clearly erred in either applying the weapons enhancement or in declining to apply a minor-role reduction, we affirm Montes's sentence.

**Affirmed.**